[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action for dissolution of marriage was fully tried as a limited contested matter.
The court finds, by a preponderance of the credible, relevant and admissible evidence, the facts as follows:
By writ, summons and complaint, dated June 4, 1991 the plaintiff, Frances B. Cordone instituted this action seeking dissolution of her marriage to the defendant, Michael Cordone.
The plaintiff, whose maiden name was Frances Bordonaro, and the defendant intermarried, March 14, 1975, in East Hartford, Connecticut. CT Page 7235
Both parties have resided in the State of Connecticut at least one year before the filing of this complaint.
There are no children issue of this marriage nor have any children been born to the plaintiff since the date of the marriage.
No agency or individual is presently responsible for the maintenance or support of either party.
The marriage has broken down irretrievably.
The court does not ascribe fault to either party, both having contributed to the deterioration of the marriage. The evidence points to a tired marriage where, in pursuit of their own interests, the parties have drifted apart to the point where meaningful communications between them are no longer sustainable. Both parties are industrious, hard working people who in addition to their regular employment have engaged in extra work to enhance their standard of living.
The defendant husband's health is precarious, since he suffered a heart attack and underwent open heart surgery. To this day he complains of shortness of breath and pains.
The plaintiff wife, although in better health than the defendant, has had problems with her own well-being.
During most of the marriage, the plaintiff's income exceeded that of the defendant. Both parties contributed to their accumulation of assets which include: (1) The marital home at 14 Woodland Road, Portland, Conn., where in each party has a 1/2 interest in the equity which totals $26,862.60 (1/2 each $13,431.30); (2) A residence at 318 Putnam Ranch Road, West Palm Beach, Florida having an equity of $14,500, each party having a 1/2 interest of 7,250; (3) A time share unit at La Renaissance, Atlantic City, New Jersey with an equity of $3,000, half of which or $1,500 attributable to each party; (4) The plaintiff has a savings plan totaling $20,166.21 with her employer Pratt and Whitney; (5) The plaintiff holds, in her name, a concession wagon valued at approximately $6,000; (6) The parties own automobiles, have interests in retirement plans and accounts, other savings and personal property as the financial affidavits and the file discloses.
Guided by the mandates of General Statutes CT Page 7236 Secs. 46b-81 and 46b-82, the court makes the following property distributions, awards and orders, which the court holds to be fair and equitable under the facts and circumstances of this case.
The defendant shall convey all his right, title and interest in the marital home to the plaintiff, who shall be responsible for all encumbrances thereon and who shall hold the defendant harmless from any liability connected with the expenses of said property including but not limited to the first and second mortgages, insurance, taxes and maintenance.
The plaintiff shall convey the residence at 318 Putnam Ranch Road, West Palm Beach, Florida to the defendant, who shall be soley responsible for the payment of all expenses thereon, including but not limited to the first mortgage, insurance, taxes and maintenance. The defendant shall be entitled to any rentals after taking title and shall hold the plaintiff harmless from any liability with regard to the premises.
The defendant shall convey the time share unit at La Renaissance, Atlantic City, New Jersey to the plaintiff who shall be responsible for all expenses of same including but not limited to the first mortgage, taxes, insurance and carrying costs and shall hold harmless the defendant from any liability with respect to the premises.
The plaintiff shall be the sole owner of the concession wagon free and clear of any claims by the defendant.
The parties shall be the sole owners of the automobiles standing in their names, free and clear of any claims of the other and shall be responsible for any payments due on their own vehicles and shall hold harmless the other from any claims thereon.
Each party shall be the sole owner of their pension plans, bank accounts, savings plans and individual retirement accounts free and clear of any claims of the other.
The defendant shall pay to the plaintiff the sum of $400, forthwith as an adjustment between the parties of certain sums due.
The defendant shall pay to the plaintiff the sum of $4,000 payable at $100.00 per week commencing August 7, 1992. CT Page 7237
No alimony is awarded to either party.
The parties shall be responsible for their own debts as indicated on their financial affidavits and shall hold harmless the other from any liabilities thereon.
Each party shall be responsible for their own costs and legal fees. The parties are to execute all documents necessary to effectuate this judgment.
Accordingly, having found that the marriage has broken down irretrievably, the court renders judgment on the complaint and cross complaint that the marriage of the parties is dissolved and the property distribution, awards, and orders indicated above are included in said judgment.
Per order of Spallone J. on September 16, 1992, to include herein: the plaintiff's name is restored to Frances Bordonaro.
SPALLONE, STATE TRIAL REFEREE